UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P169-R

**JIMMY DWIGHT DOYLE**                                                              **PETITIONER**

**v.**

**STEVE HANEY, WARDEN**                                                   **RESPONDENT**

## MEMORANDUM AND ORDER

Petitioner Jimmy Dwight Doyle filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He paid the $5.00 filing fee. On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Court will direct Respondent to file an answer.

Petitioner has also filed motions for appointment of counsel and an evidentiary hearing. "If an evidentiary hearing is warranted [in a habeas action],[2] the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing § 2254 Cases. Additionally, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a) of the Rules Governing § 2254 Cases. Otherwise, appointment of counsel in a § 2254 action may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In determining whether appointment of

---

[1] Rule 4 provides that unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, . . . . the judge must order the respondent to file an answer, motion, or other response. . . ."

[2] Under Rule 8(a) of the Rules Governing Section 2254 Cases, "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."

counsel is required for prisoners seeking habeas relief . . ., the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

In evaluating the instant case at this preliminary stage of the litigation, the Court does not believe that an evidentiary hearing[3] or the need for discovery will be required, or that the interests of justice require the appointment of counsel. The Court will thus deny the motions for appointment of counsel and evidentiary hearing at this time. Nothing in this Order, however, shall preclude Petitioner from requesting appointment of counsel and/or an evidentiary hearing at a future point in this action should additional circumstances arise to justify such relief.

Accordingly, **IT IS ORDERED** as follows:

(1)     The Clerk of Court **shall effect service** of the petition on Respondent and the Attorney General for the Commonwealth of Kentucky.

(2)     Respondent shall file an answer herein within **40 days** from the date of entry of this Memorandum and Order. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, "The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Respondent also shall submit portions of the state court record pertinent to the issues raised in the petition and answer, including but not limited to exhibits, docket sheets, transcripts, and pleadings.

---

[3]Because no answer has yet to be filed, the Court is without all the information needed to make an evidentiary-hearing determination at this early stage in the litigation. Consequently, the request for evidentiary hearing must be denied as premature.

(3)     Petitioner may file a reply no later than **15 days** following service of Respondent's answer.

(4)     This matter is **referred to Magistrate Judge W. David King** pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) for appropriate hearings, if any, findings of fact, and recommendations for disposition.

(5)     The motions for appointment of counsel (DN 4) and evidentiary hearing (DN 5) are **DENIED**.

Date:

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
        Magistrate Judge King
4413.005